# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATED OF AMERICA,<br><br>                              Plaintiff,<br>   vs.<br>SERGIO ANDRES CHAVEZ-CAMARGO,<br><br>                              Defendant. | CASE NO. 13CR3018 WQH<br><br>ORDER |

HAYES, Judge:

   The matter before the Court is the Government's motion to determine Federal Defenders conflict of interest. (ECF No. 14).

## FACTS

   On July 3, 2013, an arrest warrant was issued in the Southern District of California for the arrest of the Defendant Sergio Andres Chavez-Camargo. The Complaint charged that there was probable cause to believe that Defendant committed a violation of 8 U.S.C. § 1326 on or about June 26, 2013.

   On July 18, 2013, at approximately 7:40 a.m., United States Border Patrol Agents found Defendant Sergio Andres Chavez-Camargo, Luis Daniel Gomez-Daza, and two other individuals in a small cave approximately one hundred yards north of the United States/Mexico international border. The Government represents that "In a post-*Miranda* statement, Gomez told agents that the group had crossed together at about 7:00 a.m. that morning in the nearby hills." (ECF No. 14 at 2).

1  On July 18, 2013, Defendant was arrested pursuant to the arrest warrant issued on July 3, 2013.

On July 19, 2013, a complaint was filed against Luis Daniel Gomez-Daza charging that there is probable cause to believe that he was found in the United States in violation of 8 U.S.C. § 1326 on or about July 18, 2013. *United States v. Luis Daniel Gomez-Daza,* 13CR 2999-NLS.  On the same day, Gomez-Daza appeared before the Magistrate Judge and the Federal Defenders Office was appointed to represent the Defendant.

On August 01, 2013, Defendant appeared before the Magistrate Judge and the Federal Defenders Office was appointed to represent him.

On August 14, 2013, the grand jury returned an Indictment charging that the Defendant was found in the United States in violation of 8 U.S.C. § 1326 on or about July 18, 2013.

On August 15, 2013, an Information was filed against Gomez-Daza in 13CR 2999-NLS charging him with a misdemeanor improper entry by alien in violation of 8 U.S.C. § 1325.

On August 28, 2013, the Plaintiff United States of America filed a motion to determine Federal Defenders conflict of interest.  Plaintiff moves the Court to disqualify Federal Defenders and to appoint conflict-free counsel for Defendant.  Plaintiff asserts that Defendant in this case and Gomez-Daza in 13CR 2999-NLS are percipient witnesses to each other's illegal entry into the United States. Plaintiff explains that "the Government is interested in speaking with Gomez-Daza further about  ... issues and would like to negotiate with Gomez about whether he can assist in the Government's investigation of Mr. Chavez.  The Government intends to call Mr. Gomez as a witness at Chavez' trial and will issue a subpoena after the trial date is set."  (ECF No. 14 at 7).  Plaintiff United States contends that the Federal Defenders cannot effectively represent both Defendants with interests adverse to one another.

Defense counsel, on behalf of the Defendant, opposes disqualification.

Defendant asserts that he and Gomez-Daza are not co-defendants and that their interests are "not ... presently adverse in any way." (ECF No. 16 at 1). Defendant contends that the Federal Defenders Office has the ability to implement ethical screening procedures to prevent the actual exchange of confidential information. Defendant contends that he has vigorously sought discovery from the government in preparation for trial, that he intends to exercise his right under the Speedy Trial Act to be brought to trial, and that disqualification of counsel would prejudice him.

## RULING OF THE COURT

In *United States v. Allen*, 831 F.3d 1487 (9th Cir. 1987), the Court of Appeals for the Ninth Circuit explained the affirmative duty of the trial court to protect a defendant's Sixth Amendment right to be represented by counsel whose loyalties are undivided.

> Although joint representation is not *per se* violative of the sixth amendment's guarantee of effective assistance of counsel, a possible conflict [of interest] inheres in almost every instance of multiple representation.
> A court must take adequate steps to ascertain whether the risk [of a conflict is] too remote to warrant separate counsel. Trial courts presented with a possible conflict have an affirmative duty to protect a defendant's rights, which duty arises when the possibility of conflict is brought home to the court. In every case of joint representation, if the court knows or reasonably should know that a particular conflict exists it must initiate an inquiry about that conflict. Of course, a defendant may waive his right to the assistance of an attorney who is unhindered by conflicts, provided the waiver is given knowingly and intelligently.

831 F.2d at 1494. (citations and footnotes omitted). In this case, Defendant and Gomez-Dava are percipient witnesses to each other's actions before and during the charged illegal conduct. Each could potentially benefit from providing information to the United States regarding the other. At this stage on the proceedings, the interests of Defendant and Gomez-Dava are materially adverse to each other.[1]

Both Defendant and Gomez-Dava are charged with serious crimes. Plaintiff United States has stated an intention to negotiate with Gomez-Dava to obtain his testimony against the interests of Defendant. The Court concludes that the appointment

---

[1] Defendant has not attempted to waive his right to conflict-free counsel.

of new counsel is necessary in order to assure that this Defendant has conflict-free representation. This case is in its initial pretrial stages, the initial motion hearing date is scheduled for September 23, 2013, and no trial date has been set. At this stage in the proceedings, there does not appear to be any prejudice to the Defendant that would outweigh his right to a guarantee of conflict free counsel.

IT IS HEREBY ORDERED that Government's motion to determine Federal Defenders conflict of interest is granted. (ECF No. 14). The Court will relieve Federal Defenders and appoint Jami Ferrara as counsel for the Defendant. The Court will hold a hearing on Friday September 13, 2013 at 9:30 a.m. ~~p.m.~~ in Courtroom 14B to confirm counsel.

(mdc)

DATED: September 10, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge